UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

2010 FEB 26 PM 3:55

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| LETASHA MYATT, on behalf of herself<br>others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>ALLEN COUNTY SHERIFF KEN FRIES<br>(in his official capacity),<br><br>  Defendant. | CASE NO.: 1:10-CV-_____<br><br>1:10CV064 TLS |

## COMPLAINT - CLASS ACTION

COMES NOW Plaintiff, LeTasha Myatt, by counsel, on behalf of herself and others similarly situated, and alleges against the Defendant as follows:

1. Plaintiff LeTasha Myatt is a resident of Allen County. She brings this Complaint on behalf of herself and others similarly situated. The class she intends to represent is composed of: All individuals who were arrested on either a Friday and/or Saturday (and in the future may be so arrested on a Friday and/or Saturday) without a warrant, and who were booked into the Allen County Jail and who were not brought before a judge or magistrate within forty-eight (48) for an initial probable cause hearing, and were not released after the expiration of forty-eight (48) hours.

2. Defendant Allen County Sheriff Ken Fries is named in his official capacity pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. The Allen County Sheriff is named for having a policy in effect which allows, permits, or fosters the detention of inmates who are arrested without a warrant and

deposited in the Allen County Jail on either Friday/Saturday, and who thereafter were detained throughout the remainder of Saturday and Sunday and Monday without being brought before a judge or magistrate within forty-eight (48) hours of the time they are booked into the Allen County Jail [and who were not released after being detained forty-eight (48) hours], thus violating the inmates' right to a prompt initial hearing for a determination of probable cause as required by I.C. § 35-33-7-1 *et seq.*, *Gerstein v. Pugh*, 420 U.S. 103 (1975), *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), *Luck v. Rovenstein*, 168 F.3d 323 (7th Cir. 1999), and the Fourth and Fourteenth Amendments to the United States Constitution. The Sheriff is liable for having in effect an unconstitutional policy, or policy of omission, which permitted this over-detention, as well as having a policy of not releasing Plaintiff and other "weekend" detainees at the expiration of forty-eight (48) hours from the time the inmates were deposited into the Allen County Jail. The Sheriff is also liable for having unconstitutional polices, or policies of omission, with respect to the supervision, education, and training of his deputies/intake officers/correctional officers with respect to the duty of presenting inmates promptly before a judicial officer for a determination of probable cause or releasing such inmates if such a prompt presentment could not otherwise occur.

3. Named representative Plaintiff, LeTasha Myatt, was arrested without a warrant and was taken to the Allen County Jail and was booked at approximately 5:30 p.m. on September 18, 2009; LeTasha was arrested without a warrant and was detained in the Allen County Jail from about 5:30 p.m. on September 18, 2009 to about 9:00 a.m on

Monday morning, September 21, 2009, at which time she had her initial probable cause hearing; Plaintiff was not released until about 7:00 p.m. Monday night. Plaintiff LeTasha Myatt was not released by the Allen County Sheriff or his employees at the expiration of forty-eight (48) hours of being housed in the Allen County Jail. The Allen County Sheriff failed to release the Plaintiff after failing to promptly present her to a judge or judicial magistrate within forty-eight (48) hours as required by the Fourth and Fourteenth Amendments and Supreme Court and Seventh Circuit president. *Gerstein/McLaughlin/Luck v. Rovenstein.*

4. The Allen County Sheriff failed to demonstrate, and cannot demonstrate, the existence of any *bona fide* emergency or other extraordinary circumstance to justify the delay in either freeing the Plaintiff and/or taking her before a judge or magistrate promptly for a judicial determination of probable cause, as the intervening weekend did not amount to an emergency or extraordinary circumstance. The Allen County Sheriff, in his official capacity, failed to train his correctional officers as to the *Gerstein/McLaughlin/Luck v. Rovenstein* rights of pretrial detainees arrested without a warrant, including their duty to release inmates who have been held for more than forty-eight (48) hours without receiving a prompt hearing for probable cause.

5. As a result of Defendant Allen County Sheriff having in place constitutionally defective policies, or having no policy at all, the Allen County Sheriff, who is in charge of guarding and confining pretrial detainees in his care, violated Plaintiff's Fourth and Fourteenth Amendment rights to either receiving a timely initial hearing for probable cause or timely releasing the Plaintiff from confinement if a timely

3

preliminary hearing could not take place.

6. As a result of the unlawful and unconstitutional detention of the Plaintiff in the Allen County Jail, Plaintiff, and others similarly situated, suffered (and will suffer) the loss of their liberty, emotional distress, mental anguish, isolation from family and friends, anxiety, and other damages and injuries.

7. Pursuant to Local Rule 23.1 of the Local Rules of the United States District Court for the Northern District of Indiana, set forth below are references to the portions of Fed. R. Civ. P. 23, under which it is claimed that this suit is properly maintained as a class action:

   (a) On information and belief, Plaintiff maintains that (1) the class is so numerous that joinder of all putative class members would be impracticable, (2) there are questions of law (violations of Gerstein v. Pugh, 420 U.S. 103 (1975), and County of Riverside v. McLaughlin, 500 U.S. 44 (1991)) or fact (unconstitutional deprivation of liberty and freedom in excess of 48 hours for arrestees/pre-trial detainees who were arrested without a warrant and deposited in the Allen County Jail under the authority of the Allen County Sheriff and who were not promptly taken before a judge or magistrate for a probable cause determination), common to the class, (3) the claims of the representative parties are typical of the claims of the class, and (4) the representative party will fairly and adequately protect the interests of the class.

   (b) This action is maintainable as a class action because the prerequisites of sub-

division (a) are satisfied, and in addition:

(1) the prosecution of separate actions by individual members of the class would create a risk of:

    (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Sheriff of Allen County who opposes the class; or

    (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the Sheriff of Allen County who opposes the class has acted and has refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole (including but not limited to an order from the Court declaring the Sheriff's policies unconstitutional and requiring that the Sheriff implement constitutional policies with respect to ensuring a prompt judicial determination for arrestees/pre-trial detainees who are arrested without a warrant such that the arrestee/pre-trial detainees are not made to suffer extended periods of detention beyond 48 hours); or

(3) the Court could find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy (i.e.: (A) there is no interest of members of the class in individually controlling the prosecution of separate actions; (B) there is no collateral litigation to this case which has been commenced by other putative class members, at least such litigation is unknown to either the named Plaintiff or his counsel; (C) it would be desirable of concentrating the litigation of any and all claims similar to that of the Plaintiff in one (1) forum (this Court); and (D) there are no known difficulties likely to be encountered in the management of this class action).

WHEREFORE, the Plaintiff, for herself and others similarly situated, respectfully prays for a judgment against the Defendant, for compensatory damages, reasonable attorney's fees and costs under 42 U.S.C. §§ 1983 and 1988, and for all other just and proper relief in the premises and which is available under the Fourth and Fourteenth Amendments to the United States Constitution.

//

//

//

//

//

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

*Christopher C. Myers*
Christopher C. Myers, #10043-02

Ilene M. Smith #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN  46802
Telephone:     (260) 424-0600
Facsimile:     (260) 424-0712
E-mail:        cmyers@myers-law.com
               ismith@myers-law.com
Attorneys for Plaintiff

CCM/js
S:\Myatt, Letasha\Pleadings\Complaint-Class Action.wpd