UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LETASHA MYATT, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:10-CV-64-TS |
| ALLEN COUNTY SHERIFF KEN FRIES (in his official capacity), | ) ) ) | |
| Defendant. | ) ) | |

# OPINION AND ORDER

The Plaintiff, Letasha Myatt, on behalf of herself and others similarly situated, has sued the Sheriff of Allen County in his official capacity under 42 U.S.C. § 1983. Citing *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), the Plaintiff alleges that the Sheriff's practice of detaining persons who have been arrested without a warrant and holding them beyond forty-eight hours violated the Fourth Amendment rights of the Plaintiff and others to a prompt judicial determination of probable cause. The Plaintiff filed a Motion to Certify Class [DE 4] on March 2, 2010. The Defendant filed his Response [DE 18] on June 14, 2010, and advised that he concedes certification in all material respects, but that he wishes to narrow those who could be considered class members. The Plaintiff filed her Reply [DE 19] on June 21, 2010, advising the Court that she did not object to the Defendant's definition of the class. The Motion is now ripe for ruling.

## BACKGROUND

On Friday, September 18, 2009, the Plaintiff was arrested without a warrant and detained

at the Allen County Jail over the weekend until Monday, September 21, 2009. At no time during her detention was there a judicial determination that probable cause existed to continue to detain her. In her Complaint, filed on February 26, 2010, the Plaintiff alleged that the length of her detention violated her Fourth Amendment rights, and that the violation was a result of either the Defendant's policy of detaining arrestees for over forty-eight hours or his failure to have a policy to ensure that detainees are not incarcerated longer than forty-eight hours before a determination of probable cause is made.

## DISCUSSION

**A.     Requirements for Class Certification**

Federal Rule of Civil Procedure 23 governs the certification of class actions in federal court. It allows a member of a class to sue as a representative party on behalf of all the class members if:

> (1)    the class is so numerous that joinder of all members is impracticable;
> (2)    there are questions of law or fact common to the class;
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If all of these prerequisites are met, a court must also find that at least one of the subsections of Rule 23(b) is satisfied:

> (1)    prosecuting separate actions by or against individual class members would create a risk of:
>
> > (A)    inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b). The party seeking class certification assumes the burden of demonstrating that it is appropriate, *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984), and "[f]ailure to meet any of the Rule's requirements precludes class certification," *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). A district court has "'broad discretion to determine whether certification of a class-action lawsuit is appropriate.'" *Id.*(quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001)).

As to Rule 23(a), the Plaintiff's Motion asserts that she meets the numerosity requirement

because she estimates that at least 3,120 individuals are in the putative class.[1] She claims that she satisfies the commonality requirement because all of the putative class members were arrested close to the end of the week and not arraigned until Monday. She claims that the typicality requirement is satisfied because all putative class members were arrested in Allen County and detained at the Allen County Jail for more than forty-eight hours. Finally, she claims that her representation is adequate because of Attorney Myers's familiarity with civil rights class action litigation. As to Rule 23(b), the Plaintiff claims that she satisfies all of the conditions because prosecuting separate claims would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Allen County Sheriff, because final injunctive relief or corresponding declarative relief would be appropriate for the class as a whole, and because questions of law or fact common to class members predominate over any questions affecting only individual members.

In the Defendant's Response, he acknowledges that the Plaintiff has met the numerosity, commonality, typicality, and adequacy of representation requirements. The Defendant also acknowledges that the Plaintiff has satisfied Rules 23(b)(1)(A) and 23(b)(3). Although the Defendant concedes that class certification is appropriate in this matter, he objects to the Plaintiff's proposed class definition. Whereas the Plaintiff initially sought to include as class members all persons who were arrested on Thursdays, Fridays, and Saturdays in Allen County without a warrant between the dates of February 29, 2008, and March 20, 2010, the Defendant contends that because Allen County provides for probable cause hearings on Friday mornings, the proper class definition is those individuals arrested without a warrant and booked into the

---

[1] The Plaintiff arrives at this number by multiplying 30 arrestees per week times the 104 weeks since her arrest.

Allen County Jail between 9 a.m. Friday and 9:00 a.m. Saturday from Friday, February 29, 2008, through Saturday, March 20, 2010. In her Reply, the Plaintiff concedes that the Defendant is correct as to the proper class definition and that she agrees to the Defendant's definition.

**CONCLUSION AND ORDER**

Because the Plaintiff has met her Rule 23 requirements, the Motion to Certify Class is GRANTED IN PART and DENIED IN PART. The Court ORDERS that the class be certified as follows: individuals arrested without a warrant and booked into the Allen County Jail between 9:00 a.m. on Friday and 9:00 a.m. on Saturday between the dates of February 29, 2008, and March 20, 2010, inclusive, as well as any additional class members who exist due to court holidays observed by the Allen County Superior Court and the Allen County Circuit Court during the time period of February 29, 2008, and March 20, 2010.

SO ORDERED on June 25, 2010.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT