UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LETASHA MYATT, on behalf of herself others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 1:10-CV-64-TLS |
| ALLEN COUNTY SHERIFF KEN FRIES (in his official capacity), | ) ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

The parties, LeTasha Myatt, by counsel, Christopher C. Myers and Allen County Sheriff Kenneth C. Fries, by counsel, John O. Feighner, hereby agree to the following Consent Decree, which the parties pray will be adopted as an Order of the Court and which hereafter has the effect of a Judgment binding upon the representative Plaintiff, the putative class members and the Defendant and his successors in interest, and which provides as follows:

1. LeTasha Myatt filed her Class Action Complaint on or about February 26, 2010, alleging, in part, that the Sheriff of Allen County, Kenneth C. Fries, in his official capacity under 42 U.S.C. § 1983, engaged in a policy, custom, practice or procedure which deprived Plaintiff and others similarly situated of their Fourth Amendment right to a probable cause determination within forty-eight hours of being arrested and detained without a warrant, or being released within that time if a court did not provide a judicial determination of probable cause within forty-eight hours of arrest.

2. Plaintiff also filed her Motion for Determination of Maintenance of Claim as a Class Action, and Plaintiff's Brief in Support of Class Action on March 2, 2010.

3. The Allen County Sheriff, by counsel, filed Defendant's Answer to Plaintiff's Complaint - Class Action, Affirmative Defenses and Jury Demand on or about April 15, 2010. The

Allen County Sheriff filed Defendant's Response to Plaintiff's Motion for Determination of Maintenance of Claim as a Class Action on or about June 14, 2010.

4. Plaintiff's counsel filed an Application of Class Counsel and Supplemental Materials on or about June 21, 2010, and on that date also filed Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Determination of Maintenance of Claim as a Class Action. Thereafter, the Court issued an Opinion and Order on or about June 25, 2010 which, in part, provided the following class definition:

> "...those individuals arrested without a warrant and booked into the Allen County Jail between 9:00 a.m. Friday and 9:00 a.m. Saturday from Friday, February 29, 2008, through Saturday, March 20, 2010."

5. The parties have jointly stipulated to amend the class definition as follows:

> The Court Orders that the class be certified as follows: "...individuals arrested without a warrant and booked into the Allen County Jail between 5:00 a.m. on Friday and 9:00 a.m. on Saturday, between the dates of February 29, 2008 and March 20, 2010, inclusive, as well as any additional class members who exist due to court holidays observed by the Allen County Superior Court and the Allen County Circuit Court during the time period of February 29, 2008 and March 20, 2010, where such additional class members did not receive a probable cause determination within forty-eight hours from the time of their arrest."

The parties agree that the Court's Order of June 25, 2010, certifying the class should encompass the definition of the class stated immediately above.

6. Defendant, Allen County Sheriff Kenneth C. Fries, in his official capacity, agrees and consents that the Sheriff engaged in a practice, custom or procedure whereby individuals arrested without a warrant and booked into the Allen County Jail between 5:00 a.m. on Friday and 9:00 a.m. on Saturday between the dates of February 29, 2008 and March 20, 2010, inclusive, as well as any additional class members who exist due to court holidays observed by the Allen County Superior Court and the Allen County Circuit Court in that same time period, where such additional class members did not receive a judicial probable cause determination within forty-eight hours from the

time of their arrest, that the length of their detention violated their Fourth Amendment right and that the violation was a result of the Sheriff's custom of detaining arrestees for over forty-eight hours and/or his failure to implement a policy to timely release such individuals to ensure they were not incarcerated longer than forty-eight hours before a judicial determination of probable cause was made. The parties agree that the Sheriff's policies, customs and/or procedures were the moving force behind, and caused, the Fourth Amendment violations suffered by Plaintiff and the putative class members.

7.  The parties consent and agree that beginning March 27, 2010, and thereafter, all individuals arrested without a warrant and deposited in the Allen County Jail started receiving, and have received, probable cause determinations within forty-eight hours after their arrest, and that the Sheriff has implemented policies, customs and procedures, including the training of his correctional officers, to ensure all inmates arrested without a warrant receive a probable cause determination within forty-eight hours after arrest, and/or that any individual arrested without a warrant who does not receive a probable cause determination within forty-eight hours after arrest is to be released. Furthermore, the parties consent and agree that the implementation of these customs, policies and procedures by the Allen County Sheriff are as a direct result of the lawsuit filed by LeTasha Myatt. The parties consent and agree that there has been, by way of this lawsuit, and the resolution thereof, a corresponding alteration in the legal relationship of the parties and a judicial imprimatur on the change. The parties agree that the changes implemented by the Sheriff with respect to the limits of his detention of individuals arrested without a warrant and/or his duty to release such individuals who have not been afforded a judicial determination of probable cause within forty-eight hours after their arrest are "court-ordered" changes and have been the legal relationship of the parties. By this Consent Decree, the parties have gained judicial approval of the relief vis-á the merits of the case.

8. The parties request that the United States District Court approve the Allen County Sheriff's Department policy and procedure Concerning Weekend and Holiday PC Reviews. The policy is as follows:

**PURPOSE:**

It is the purpose of this policy to provide guidance and direction to the members of the Allen County Police Department and to maintain the rights of arrested persons to have their Probable Cause determined by a Judicial Officer within the mandated 48 hours.

**WEEKEND and HOLIDAY PC REVIEW PROCEDURES**

- Any on-sight arrest between 0400 hours on Friday and 1000 hours on Saturday (or appropriate time if on a Holiday) must have probable cause paperwork completed and turned in at lock-up prior to 1000 hours on Saturday.

- At 1000 hours on Saturday, lock-up staff will empty the collection boxes in the lock-up sallyport and the bond office lobby to determine if all paperwork has been received.

- On Saturday, the bond office will print a Monday court schedule to verify that all paperwork has been received for those inmates still in custody.

- The bond office will then deliver the PC paperwork and a typed list of inmates to the Judge/Magistrate upon their arrival. If no Judge/Magistrate or Judicial Official has arrived at the jail by 1600 hours, then Internal Affairs should be notified and Internal Affairs will contact the Administrative Judge. If the Internal Affairs Officer is not available, then the Chief Deputy or the Sheriff shall be notified.

- The Judge/Magistrate will review the paperwork, annotate any changes/release instructions, and return all paperwork to the bond office.

- The bond office will review any changes to bond status and adjust jail records accordingly.

- All paperwork will then be returned to the collection boxes.

- A list of all PC cases reviewed will be forwarded to the booking office on Monday morning.

- The list will be documented in EXCEL spreadsheet format, to include inmate name, whether or not probable cause was found, bond amount, date/time of review, misdemeanor/felony, and if the time from arrest to review exceeded 48 hours.

- Booking will verify the information in the report and forward the final copy to Internal Affairs.

- In the event that a case will not be reviewed within the 48-hour time period, shift command will notify the jail captain/commander, who in turn will notify Internal Affairs.  If the Internal Affairs Officer is not available, then the Chief Deputy or the Sheriff shall be notified.

- On weekends that involve no court on Mondays/Fridays, the judge on duty will be in on 2 separate days during the weekend to ensure that all cases are reviewed within 48 hours of arrest.

9. The parties consent to and agree that Plaintiff is a prevailing party for purposes of 42 U.S.C. §§ 1983 and 1988, and that Plaintiff has met the standard for prevailing-party status set forth in *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598 (2001).

10. The parties will continue to discuss issues regarding notice, cost of notice, damages and injuries, and will notify the Court as to whether a resolution of these issues can be achieved.

Respectfully submitted,

| **CHRISTOPHER C. MYERS & ASSOCIATES** | **HALLER & COLVIN, P.C.** |
|---|---|
| s/Christopher C. Myers | s/John O. Feighner |
| Christopher C. Myers, #10043-02 | John O. Feighner, #6800-02 |
| Ilene M. Smith, #22818-02 | 444 East Main Street |
| 809 South Calhoun Street, Suite 400 | Fort Wayne, Indiana 46802 |
| Fort Wayne, Indiana  46802-2307 | Telephone:     (260) 426-0444 |
| Telephone:     (260) 424-0600 | Facsimile:      (260) 422-0274 |
| Facsimile:      (260) 424-0712 | E-mail:           jfeighner@hallercolvin.com |
| E-mail:           cmyers@myers-law.com | Attorneys for Defendant |
|                       ismith@myers-law.com | |
| Attorneys for Plaintiff | |