UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LETASHA MYATT, on behalf of herself and others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CAUSE NO.: 1:10-CV-64-TLS ) |
| ALLEN COUNTY SHERIFF KEN FRIES (in his official capacity), | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on the parties' Joint Stipulation to Amend Class Definition [ECF No. 30] filed on January 21, 2011, and the Defendant's Motion for Approval of Notice of Class Members, Claim Form and Request for Payment of Notice by Defendant [ECF No. 32] filed on April 6. The Court will grant these motions for the reasons stated below.

**BACKGROUND**

The Plaintiff, Letasha Myatt, on behalf of herself and others similarly situated, has sued the Sheriff of Allen County in his official capacity under 42 U.S.C. § 1983. Citing *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), the Plaintiff alleges that the Sheriff's practice of detaining persons who have been arrested without a warrant and holding them beyond forty-eight hours violated the Fourth Amendment rights of the Plaintiff and others to a prompt judicial determination of probable cause. On June 25, 2010, the Court issued an Opinion and Order certifying a class in this case as follows:

> individuals arrested without a warrant and booked into the Allen County Jail between 9:00 a.m. on Friday and 9:00 a.m. on Saturday between the dates of

February 29, 2008, and March 20, 2010, inclusive, as well as any additional class members who exist due to court holidays observed by the Allen County Superior Court and the Allen County Circuit Court during the time period of February 29, 2008, and March 20, 2010.

(ECF No. 20 at 5.) On May 3, 2011, the Court held a telephonic status conference and confirmed the parties' agreement on amending the class definition and notice to class members.

## DISCUSSION

### A.      Amending the Class Certification Order

Federal Rule of Civil Procedure 23 governs the certification of class actions in federal court. Specifically, Rule 23(c)(1)(C) states that "[a]n order that grants or denies class certification may be altered or amended before final judgment." The parties seek to amend the class definition in the Court's June 25, 2010, Opinion and Order to the following:

> individuals arrested without a warrant and booked into the Allen County Jail between 5:00 a.m. on Friday and 9:00 a.m. on Saturday between the dates of February 29, 2008, and March 20, 2010, inclusive, as well as any additional class members who exist due to court holidays observed by the Allen County Superior Court and the Allen County Circuit Court during the time period of February 29, 2008, and March 20, 2010, where such additional class members did not receive a probable cause determination within 48 hours from the time of their arrest.

(ECF No. 30 at 2.) The Joint Stipulation states that the parties exchanged discovery that allowed them to further identify the relevant time period for the definition of class members, arriving at the definition just provided. Final judgment has not been entered in this case and nothing in the amended class definition alters the Court's analysis as to the permissibility of class certification in this case. *See Narducci v. Moore*, 572 F.3d 313, 321 n.3 (7th Cir. 2009) (noting the district court's powers to amend class certification pursuant to Rule 23(c)(1)(C)). Thus, the Court will approve the Joint Stipulation and Amend the Class Definition.

**B.     Legal Notice of Class Certification**

The parties agree on the language in the Proposed Legal Notice of Class Certification [ECF No. 31], and at the May 3 telephonic status conference the Court advised the parties that it would approve the Notice. On May 6, the Defendant filed the final Legal Notice of Class Certification [ECF No. 37]. Federal Rule of Civil Procedure 23(c)(2) governs Notice and provides:

> (A) For (b)(1) or (b)(2) Classes. For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class.
>
> (B) For (b)(3) Classes. For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> > (i) the nature of the action;
> > (ii) the definition of the class certified;
> > (iii) the class claims, issues, or defenses;
> > (iv) that a class member may enter an appearance through an attorney if the member so desires;
> > (v) that the court will exclude from the class any member who requests exclusion;
> > (vi) the time and manner for requesting exclusion; and
> > (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Court's June 25, 2010, Opinion and Order discusses Rule 23(b)(1) and Rule 23(b)(3) as the basis for its class certification. Thus, the Court must confirm that the Notice satisfies Rule 23(c)(2)(B) before it approves the Notice. The Notice satisfies Rule 23(c)(2)(B)(i) and (iii) in Section 1 "Description of the Case." Section 2 "Class Definition" satisfies Rule 23(c)(2)(b)(ii), and Section 3 "Opting Out" satisfies Rule 23(c)(2)(b)(iv)–(vii). Thus, the Court will approve the

Notice.[1]

## CONCLUSION

The Court, being duly advised, GRANTS the Joint Stipulation [ECF No. 30] and Defendant's Motion for Approval of Notice of Class Members, Claim Form, and Request for Payment of Notice by Defendant [ECF No. 32]. The Court ORDERS that the class certification in the Court's June 25, 2010, Opinion and Order [ECF No. 20] be amended as follows:

> individuals arrested without a warrant and booked into the Allen County Jail between 5:00 a.m. on Friday and 9:00 a.m. on Saturday between the dates of February 29, 2008, and March 20, 2010, inclusive, as well as any additional class members who exist due to court holidays observed by the Allen County Superior Court and the Allen County Circuit Court during the time period of February 29, 2008, and March 20, 2010, where such additional class members did not receive a probable cause determination within 48 hours from the time of their arrest.

The Court APPROVES the Legal Notice of Class Certification [ECF No. 37], Claim Form [ECF No. 38], and the Defendant's request to be responsible for providing notice to class members and bearing the costs for providing notice.

SO ORDERED on May 11, 2011.

                                   s/ Theresa L. Springmann
                                   THERESA L. SPRINGMANN
                                   UNITED STATES DISTRICT COURT

---

[1] At the May 3 telephonic conference the Court approved the Notice and Claim Form on the record, conditioned on changes to the Claim Form. Those changes are reflected in the Claim Form [ECF No. 38] the Defendant filed on May 6, 2011. Thus, the Court will also approve the Claim Form.