UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LeTASHA MYATT, on behalf of herself and a class of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:10-CV-64-TLS |
| KEN FRIES, Allen County Sheriff, in his official capacity, | ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

The matters before the Court are: 1) whether those class members who received the Legal Notice and the Claim Form but did not timely indicate the presence of special damages on the Claim Form may now submit evidence of special damages apart from deprivation of liberty; and 2) whether the fact-finder may consider evidence that most class members received credit for time served on their eventual sentences for the time they served in the Allen County Jail before a probable cause determination. The parties have briefed these matters in the Proposed Joint Recommended Schedule [ECF No. 63], the Plaintiff's Brief on the Issue of Damages [ECF No. 64], the Defendant's Response [ECF No. 65], the Plaintiff's Reply [ECF No. 66], the Defendant's Sur-Reply [ECF No. 69], and the Plaintiff's Sur-Reply [ECF No. 72].

**BACKGROUND**

On February 26, 2010, the Plaintiff, LeTasha Myatt, filed a Complaint [ECF No. 1] against the Defendant, Allen County Sheriff Ken Fries, in his official capacity. She alleged that representatives of the Allen County Sheriff arrested her on September 18, 2009, and detained her

in the Allen County Jail for more than 48 hours before taking her before a magistrate for an initial probable cause determination. She therefore brought suit on behalf of herself and others similarly situated, intending to represent a class composed of: "All individuals who were arrested on either a Friday and/or Saturday (and in the future may be so arrested on a Friday and/or Saturday) without a warrant, and who were booked into the Allen County Jail and who were not brought before a judge or magistrate within forty-eight (48) [hours] for an initial probable cause hearing, and were not released after the expiration of forty-eight (48) hours." (Compl. ¶ 1, ECF No. 1.) She alleged that the Sheriff's policy violated the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983. *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56–58 (1991) (requiring probable cause determinations within 48 hours for individuals arrested without a warrant).

The Plaintiff filed a Motion to Certify Class [ECF No. 4], which the Court granted in an Opinion and Order [ECF No. 20] dated June 25, 2010. On May 11, 2011, the Court entered an Opinion and Order [ECF No. 39] approving the Legal Notice [ECF No. 37] and the Claim Form [ECF No. 38] submitted by the parties. The Court also granted the parties' request to amend the class definition, certifying the class as follows:

> individuals arrested without a warrant and booked into the Allen County Jail between 5:00 a.m. on Friday and 9:00 a.m. on Saturday between the dates of February 29, 2008, and March 20, 2010, inclusive, as well as any additional class members who exist due to court holidays observed by the Allen County Superior Court and the Allen County Circuit Court during the time period of February 29, 2008, and March 20, 2010, where such additional class members did not receive a probable cause determination within 48 hours from the time of their arrest.

After negotiation, the Defendant conceded liability in this case and the parties entered into a Consent Decree [ECF No. 29].

The parties were unable to agree on certain issues, however. On November 30, 2012, the parties filed the Proposed Joint Recommended Schedule [ECF No. 63] setting forth their disagreements. The Plaintiff then filed her Brief on the Issue of Damages [ECF No. 64] on January 15, 2013; the Defendant filed a Response [ECF No. 65] on February 15; the Plaintiff filed a Reply [ECF No. 66] on March 1; then with the Court's permission the Defendant filed a Sur-Reply [ECF No. 69] on March 20 and the Plaintiff filed a Sur-Reply [ECF No. 72] on April 4. The parties' two disagreements are fully briefed, and a ruling from the Court is appropriate because it will allow the parties to continue to negotiate and fully resolve this matter.

**ANALYSIS**

As noted above, the parties disagree on two aspects of the Plaintiff's damages claims in this case. The Court will address the two points of disagreement in turn.

**A.      The Legal Notice and the Claim Form**

First, the parties disagree about which class members the Court should allow to submit evidence of special damages apart from deprivation of liberty. In May and June of 2011, the Defendant mailed the approved Legal Notice and Claim Form to all identified class members. (Joint Status Report ¶¶ 1 & 2, ECF No. 44.) Some potential class members elected to opt-out of the class action proceeding. (*Id.* ¶ 3.) The Legal Notice informed class members as follows:

> [T]he Plaintiff, on behalf of herself and the class she represents, has asked for damages and attorneys' fees for the following injuries: deprivation of liberty caused by the over-detentions, mental anguish, emotional distress, loss of employment, loss of income, and other damages available under 42 U.S.C. §§ 1983 & 1988, and the Fourth Amendment of the United States Constitution.

3

(Legal Notice 2, ECF No. 37.) The Legal Notice also stated: "If you want to participate in the class action and you are within the class as defined in this notice, you do not need to take any action at this time." (*Id.*) The Legal Notice discussed the attached Claim Form, and stated:

> If you have decided to remain part of the class, then you may fill out the enclosed CLAIM FORM and return it to Christopher C. Myers in the self-addressed stamped envelope. You must fill out this form and provide the requested information if you are claiming that you suffered any damages other than the deprivation of liberty (time wrongfully incarcerated) while in the Allen County Jail. Return this form no later than the 23rd day of September, 2011.

(*Id.* 3.)

Of the 962 class members, only 32 returned a completed Claim Form indicating the presence of special damages in addition to damages for loss of liberty. The Plaintiff argues that nothing in the Legal Notice or Claim Form forecloses a class member's ability to assert special damages of emotional distress, psychological injury, pain and suffering, loss of employment, or any other damages besides general loss of liberty damages. The Plaintiff thus requests that the Court consider the general loss of liberty claim as to the entire class, and then decertify the class for the purposes of evaluating special damages for any and all class members who choose to present evidence of special damages. The Defendant responds that the plain language of the Legal Notice informed class members to submit the Claim Form by September 23, 2011, and that such submission was mandatory for class members wishing to assert any damages for claims besides loss of liberty claims. Thus, the Defendant requests that the Court deny the 930 class members who did not submit the Claim Form by September 23, 2011, the opportunity to submit any evidence of special damages or to pursue such claims after decertification. The Defendant agrees that the Court should decertify the 32 class members who timely submitted the Claim Form so that they may pursue special damages after resolution of the general damages claims for

loss of liberty.[1] The Plaintiff argues that the Claim Form cannot foreclose special damages claims because it appears to require detailed proof of damages, proof that is not legally necessary to assert emotional distress damages. The Defendant responds that more than half of the class members who did submit Claim Forms did not submit documentation, and that the plain language of the Claim Form does not require documentation. The Plaintiff argues, finally, that allowing the Claim Form to extinguish special damages claims in effect transforms this Rule 23 "opt-out" class action into an "opt-in" class action. The Defendant responds that this action was and remains an opt-out class action for the purposes of establishing general damages for loss of liberty.

The Court finds that the plain language of the Legal Notice notifies class members that they must submit the Claim Form if they desire to assert claims for any damages other than loss of liberty. The Court thus disagrees with the Plaintiff's statement that "there is no explicit or implied *waiver* simply because the Legal Notice/Claim Form contained language requesting class members list whatever damages they may have suffered because of their over-detention." (Pl.'s Br. 3, ECF No. 64.) Indeed, the plain language of the Legal Notice disproves the Plaintiff's assertion: "You must fill out this form and provide the requested information if you are claiming that you suffered any damages other than the deprivation of liberty (time wrongfully incarcerated) while in the Allen County Jail." (Legal Notice 3.) The Legal Notice informed class members that submission of the Claim Form was mandatory. Further, the Legal Notice informed

---

[1] The parties agree in principle that the Court should resolve the general damages claims using the *Dellums* non-random sampling of class members method, utilized by the court in *Barnes v. District of Columbia*, 278 F.R.D. 14 (D.D.C. 2011). (Def.'s Resp. 14, ECF No. 65.) The parties request opportunity to submit a more detailed trial plan regarding the *Dellums* method. The Court will set such a briefing schedule at the next telephonic conference in this matter.

class members that the Plaintiff was seeking damages for injuries besides deprivation of liberty, including "mental anguish, emotional distress, loss of employment, loss of income, and other damages." (*Id.* 2.) So when the Legal Notice informed class members to submit the Claim Form if they sought damages for any injury besides deprivation of liberty, it would have been clear that class members were required to submit the Claim Form if they desired to pursue claims for mental anguish, emotional distress, loss of employment, or loss of income.

The Plaintiff insists that the Claim Form requires submission of detailed documentary evidence in support of a claim of psychological damage or injury, or a claim of lost wages or employment. Thus, the Plaintiff argues, class members wishing to assert less severe emotional distress as a result of over-incarceration would not have submitted the Claim Form at all, believing that it was only required for special damages claims where those claims included medical bills, psychological treatment, or lost wages verifiable through tax records. The Court disagrees with the Plaintiff again because of the plain language of the form. Question 4 merely asks whether a class member is claiming psychological damage or injury as a result of detention at the Allen County Jail. It includes *subparts* inquiring about medical or psychological treatment, and requesting submission of records for such treatment. Specifically, it states: "if you responded 'yes,' you MUST include copies of medical bills for all counselors or psychological treatments for the year of your detainment at the Allen County Jail and for any follow-up treatment thereafter." (Claim Form 3, ECF No. 38.) The Court finds that the logical conclusion from Question 4 read in its entirety is that a class member need not have detailed documentation of medical bills or psychological treatment to submit the Claim Form asserting emotional injury, mental anguish, pain and suffering, etc. The admonition to include records "if you responded

'yes'" most logically applies to the previous yes/no question, which is the inquiry concerning medical or psychological treatment, not the inquiry concerning a claim of psychological damage or injury. Indeed, as the Defendant notes, a majority of the 32 class members who did submit Claim Forms did so without including documentation. The plain reading of the Legal Notice in conjunction with the Claim Form is that the Claim Form should have been submitted by a class member wishing to assert any damages claim apart from loss of liberty, including any claim for emotional distress, and that the Claim Form did not require documentation to assert such a claim for emotional distress.

The Plaintiff also argues that "emotional distress claims are unique to the individual and are more appropriately brought as separate claims upon decertification." (Pl.'s Reply 3, ECF No. 66.) As the Defendant notes, the Plaintiff chose to seek certification of this class action for all purposes, including damages. (*See* Mot. to Certify 7, ECF No. 4.) Indeed, the Plaintiff discussed the need to determine damages for loss of job, loss of wages, and psychological damages on a case-by-case basis, but nevertheless requested certification for all purposes. (*Id.*) The Court granted certification for all purposes. Moreover, the Defendant agrees that decertification of special damages claims is appropriate for the 32 class members who timely submitted the Claim Form. But the Court agrees with the Defendant that no authority requires decertification of special damages claims by class members who did not timely submit the Claim Form. Indeed, as the Defendant urges, any special damages claims by the 930 class members who did not submit the Claim Form are entirely speculative. The Court afforded all class members opportunity to assert special damages claim through the Legal Notice and Claim Form submitted by the

Plaintiff.[2] The Court finds that decertification of any remaining special damages claims for the class members who did not timely assert special damages is inappropriate.

To the extent the Plaintiff argues that other cases suggest that each class member has an absolute right to assert special damages, the Court finds that no authority cited by the Plaintiff supports that proposition. In *Augustin v. Jablonsky*, 819 F. Supp. 2d 153, 174 (E.D.N.Y. 2011), the court found that "claims for class members' emotional distress damages must be disposed of [on] an individual basis." But the court did not find that—indeed, it did not even address whether—class members had an absolute right to present evidence of emotional distress claims after the court's deadline to present such evidence had expired. The other cases cited by the Plaintiff also do not suggest such an absolute right. *See Kerman v. City of N.Y.*, 374 F.3d 93, 124 (2d Cir. 2004) (concluding that the plaintiff was not entitled to compensatory damages based on claims of physical pain, medical expenses, emotional suffering, or psychological injury); *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 39 (2d Cir. 1985) (finding that jury "could award monetary damages" for loss of time, physical discomfort or inconvenience, mental suffering, or humiliation); *Barnes v. District of Columbia*, 278 F.R.D. 14, 23 (D.D.C. 2011) (decertifying special damages claims). None of these cases address the issue before the Court—class members who have failed to identify special damages claims as required by the Legal Notice and Claim Form.

The Court agrees with the Defendant's argument that "[w]hile *Barnes* suggests that those special damage claims should be certified to allow for individual proof, it does not stand for the

---

[2]The Plaintiff submitted the initial Legal Notice and Claim Form. (*See* ECF No. 31.) The parties edited language in the Claim Form, but the Court approved the original Legal Notice as submitted by the Plaintiff. (*See* Def.'s Resp. 3–5, ECF No. 65.)

proposition that each and every Class Member must be permitted to submit claims for special damages after the Court-approved deadline to do so has run." (Def.'s Resp. 13, ECF No. 65.) The Defendant agrees that decertification is appropriate for the 32 class members who timely submitted the Claim Form. *Barnes* and other cases cited by the Plaintiff do suggest that such decertification is proper, but not that decertification is mandatory for the remaining 930 class members who did not properly identify special damages. Finally, the Court finds that the Defendant is correct that this class action remains a Rule 23 opt-out class action concerning the general loss of liberty damages. The Plaintiff presents no authority for his argument that requiring class members to submit evidence of special damages converts this class action to an opt-in class action, nor that doing so would further the Plaintiff's position.

      For all the reasons discussed, the Court finds that decertification is appropriate for the 32 class members who timely submitted Claim Forms, but not for the remaining class members.

### B.    Evidence of Credit for Time Served

      The parties disagree, second, about whether the jury should be able to consider evidence that most of the class members ultimately received sentences that included time-served credit for the time they spent in detention before a probable cause determination. The Defendant submits that these class members gleaned a benefit for the time they served in detention because they received a concomitantly lesser sentence. The Plaintiff argues that the constitutional violations happened at the time of the illegal detentions, and those violations are not ameliorated by later receiving credit for the time served in detention. The Plaintiff also argues that presenting such evidence would require the jury to find that the class member was guilty of a crime, to the

prejudice of the class member. Neither party cites any authority concerning this disagreement.

The Court agrees with the Plaintiff that evidence of later sentences for class members should not operate to lessen the Defendant's liability for violating the constitutional rights of the class members. The Defendant argues that time-served credit "reduced the amount of time the Class Member was ultimately forced to serve in confinement." (Def.'s Sur-Reply 6, ECF No. 69.) But the Defendant is mistaken. Class members who later received credit for time served did not serve a reduced amount of time in confinement; rather, they served the amount of their sentences, and the first portion of the time they served was unconstitutional. The Defendant may not use later findings of guilt to lessen his liability for enforcing an unconstitutional policy.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's request to decertify the class as to all class members to allow presentation of evidence of special damages. Instead, after the conclusion of the general damages findings, the Court will decertify the class as to the 32 class members who timely submitted the Claim Form. Further, the Court DENIES the Defendant's request to instruct the jury to consider evidence that most of the class members later received credit for time served for the time they spent detained in the Allen County Jail before a probable cause determination.

Finally, the Court SETS this matter for a telephonic status conference on July 30, 2013, at 2:00 PM before Judge Theresa L. Springmann. The Court will initiate the call. At this conference, the Court expects to set out a briefing schedule for the parties to submit a trial plan concerning the *Dellums* non-random sampling method for determining loss of liberty damages.

SO ORDERED on July 17, 2013.

                                        s/ Theresa L. Springmann  
                                        THERESA L. SPRINGMANN  
                                        UNITED STATES DISTRICT COURT