UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LETASHA MYATT, on behalf of herself others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO.: 1:10-CV-64-TLS |
| ALLEN COUNTY SHERIFF KEN FRIES (in his official capacity), ) ) ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Pursuant to Judge Springmann's September 12, 2013 Order (Docket # 81), the Court held a telephonic hearing on October 17, 2013 on Plaintiff's List of Discovery Issues for Inclusion in Jointly Recommended Pretrial Schedule. (Docket # 76.) Present for the Plaintiff were Attorneys Christopher Myers and Ilene Smith and present for the Defendant were Attorneys Spencer Feighner and John Feighner. Argument on the five discovery issues was had and concluded. For the reasons stated on the record, the Court DENIED the Plaintiff's discovery requests.

1. **Discovery Issues One and Four**

Discovery Issues One and Four seek the paper records of the arrest and release times for all class members. Plaintiff contends—without factual support—that the electronic "Spillman" records, which have been provided to Plaintiff, contain potentially different arrest and release times than the corresponding paper records. In response, the Defendant indicated that counsel for both parties previously spent nearly a half day sampling the claimants' files and verifying that the paper record was identical to the Spillman records, and the Spillman records were determined to be satisfactory for all purposes by both parties.

1

Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court must limit the "frequency or extent of discovery" upon a determination that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

In the present case, there is no indication that the Spillman records contain different arrest and release times than the paper records the Plaintiff currently seeks; in fact, the parties previously verified that both records contain identical arrest and release times for each class member sampled, so the proposed discovery is cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i). Moreover, discovery in this case has long been closed, and because the Plaintiff verified the accuracy of the Spillman and paper records on October 28, 2010, she had ample time to seek further verification before discovery closed. Fed. R. Civ. P. 26(b)(2)(C)(ii). Finally, because the Plaintiff previously verified that the paper records on file at the Allen County Jail matched the Spillman records for every class member sampled, and because it would increase the burden and expense of discovery (particularly for the non-party law enforcement agencies who would be subpoenaed) with little likely resulting benefit, the suggested discovery is DENIED. Fed. R. Civ. P. 26(b)(2)(C)(iii).

   2. **Discovery Issue Two**

Discovery Issue Two, which seeks discovery on the "jail conditions under which class members experienced loss of liberty," was withdrawn by Plaintiff's counsel at the hearing.

3. **Discovery Issue Three**

Discovery Issue Three seeks medical and psychological documentation on the thirty-two class members who timely submitted Claim Forms and who may proceed with emotional distress claims. Counsel for both parties are directed to discuss how these thirty-two class members will be classified to determine whether they will constitute a subclass or whether they will be decertified after the resolution of the loss of liberty claim and proceed individually.

In the meantime, counsel for the Defendant is directed to segregate and preserve the inmate packet and the Allen County Jail's medical files of these thirty-two class members.

4. **Discovery Issue Five**

Discovery Issue Five, which seeks discovery on the facts and variables necessary to allow the parties to select class members for non-random sampling as class representatives, is DENIED as premature.

## CONCLUSION

For the foregoing reasons, and for the reasons stated on the record, the discovery requests listed in Plaintiff's List of Discovery Issues for Inclusion in Jointly Recommended Pretrial Schedule is DENIED; provided however, counsel for the Defendant is directed to segregate and preserve the inmate packet and the Allen County Jail's medical files of the thirty-two class members who may be alleging medical and psychological injury.

SO ORDERED

Enter for October 17, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge