UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LETASHA MYATT, on behalf of herself others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 1:10-CV-64-TLS |
| ALLEN COUNTY SHERIFF KEN FRIES (in his official capacity), | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S PROPOSED TRIAL PLAN

Plaintiff LeTasha Myatt, by counsel, on behalf of herself and others similarly-situated, proposes that the Court consider the following Proposed Trial Plan.

I.   INTRODUCTION

Class Counsel respectfully submits this Proposed Trial Plan for the trial of this class action litigation.  The Plan reflects that the jury will consider the loss of liberty suffered by the class representative, as well as representative class members, and then extrapolate damages to the entire class by econometric methods that can devise a formula applicable to all class members.  For example, it is undisputed that the Sheriff caused a loss of liberty to LeTasha Myatt and all class members, because he failed to release them after the expiration of 48 hours. See Consent Decree [ECF No. 29].  Virtually all of the class members are identically situated – same jail (Allen County Jail), same sheriff (Sheriff Fries), and were they held pursuant to the same policies, customs, procedures, and practices (and liability has been conceded).  There are 962 class members, all of whom have "loss of liberty" claims.  32 class members have special damages, and the Court has already ruled "…that decertification is appropriate for the 32 class

1

members who timely submitted Claim Forms…" (Order July 17, 2013, p. 9.)

    II.    LENGTH OF TRIAL

Plaintiff proposes that the entirety of Plaintiff's case, including opening statements, can be presented in ten (10) trial days, with two (2) additional days needed for rebuttal. Plaintiff suggests that Defendant's case should require less than ten (10) trial days.

Plaintiff proposes that these time restrictions be loosely applied. If more time is needed, by either party, then more time should be afforded. Given that there are 962 class members, Plaintiff expects to call thirty (30) witnesses [to be chosen and presented pursuant to the *Dellums* non-random sampling of class members method, utilized by the court in *Barnes v. Dist. Of Columbia*, 278 F.R.D. 14 (D.D.C. 2011) (see Order, July 17, 2013, p. 5 fn. 1)]. The parties have agreed to this non-random sampling of class members.

    III.    COMMON ISSUES AT TRIAL

The only issue to be determined by a jury is the amount of compensatory damages to be awarded to the class members because of the Sheriff's actions in causing a loss of liberty. Whatever dollar amount the jury chooses to apply – for example, $150.00 per hour for each hour of loss of liberty – that can be applied to each of the class members for the hours and minutes of loss of liberty suffered by each class member. This is a logical and reasonable approach in that, from the Plaintiff's standpoint, the claims are more expeditiously resolved. From the Defendant's point-of- view, closure is provided as to a multitude of claims. The Defendant also benefits from the principals of *res judicata* and collateral estoppel.

The common issues of unlawful incarceration for being detained beyond forty-eight hours, and the loss of liberty occasioned by that unlawful incarceration, permeate this case. Liability is not an issue. The only issue is how the jury will measure compensatory damages for

loss of liberty, and how that standard can be applied to the other class members as a whole. Plaintiff suggests that the easiest method would be for the jury to determine a per-hour rate for loss of liberty, and then the Court can apply that rate to all other class members. There are 962 class members who suffered, collectively, over-detention of about 17,350 hours. It is suggested that the parties can stipulate to the number of hours of over-detention suffered by each detainee, and collectively as well. The parties have utilized spreadsheets and charts (which will be stipulated to) which depict these hours of loss of liberty.

As in *Barnes v. Dist. of Columbia*, 278 F.R.D. 14 (D.D.C. 12-7-2011), Plaintiff suggests that the Court utilize the *Dellums* method for determining general damages for the class. By "general" damages, the Plaintiff means damages occasioned to detainees caused by the loss of liberty, i.e., the injury to human dignity that is presumed when a person is held against his will and over-detained in jail. Under the *Dellums* method, the parties will each present the testimony of some members of the over-detention class, up to thirty (30) in total for each party.

The testimony from the witnesses will be constrained to when they were arrested, when they should have been released, how long they were over-detained, the conditions of their confinement during the time they were over-detained, and how each suffered emotionally, physically, and mentally as a result of the over-detention. However, no witnesses should be able to testify about "special damages", such as a loss of job, loss of income, or significant mental or emotional damages unique to that individual. The jury will be asked to determine a dollar value for each hour of over-detention.

In other words, what the Plaintiff envisions is the presentation of factual testimony (thirty witnesses from each side) that will help the jury understand the conduct for which the Sheriff was found liable, and to which he has consented. This method involves the use of a non-random

sample of fact witnesses from the class to determine general damages.  See *Augustin v. Jablonski*, 2011 WL 4953982, *1 (E.D.N.Y. Oct. 19, 2011).

>   IV.     SAMPLE JUROR INTERROGATORIES

Well-framed, simple special juror interrogatories may be of great assistance to the jury in determining the amount of compensatory damages in this trial.  Of course one special instruction is that the jury should be advised that the Sheriff is liable for compensatory damages for loss of liberty, and that the jury's sole function is to determine the amount of compensatory damages.  In furtherance of this single duty, the Court could ask the jury:

> "Given that different class members suffered different periods of unlawful incarceration I n violation of the United States Constitution, at what rate per hour do you value their loss of liberty?"
>
> $_____/hour

Should the Court desire more specific information as to any aspect of this Proposed Trial Plan, such as citations to specific authority, actual jury instructions, or any additional explanations, Class Counsel will so provide.

>                                         Respectfully submitted,
>
>                                         **CHRISTOPHER C. MYERS & ASSOCIATES**
>
>                                         s/Christopher C. Myers
>                                         Christopher C. Myers, #10043-02
>                                         Ilene M. Smith #22818-02
>                                         809 South Calhoun Street, Suite 400
>                                         Fort Wayne, IN  46802
>                                         Telephone:     (260) 424-0600
>                                         Facsimile:     (260) 424-0712
>                                         E-mail:        cmyers@myers-law.com
>                                                        ismith@myers-law.com
>                                         Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby swears and affirms that a true and correct copy of the above was deposited in the United States Mail, sent via ECF, or by some other method approved by this Court, on this 22nd day of May, 2014, to the following:

John O. Feighner
J. Spencer Feighner
Haller & Colvin, P.C.
444 E. Main Street
Fort Wayne, IN  46802-1910

                                                  s/Christopher C. Myers
                                                  Christopher C. Myers

CCM/js
S:\Myatt, Letasha\Pleadings\Proposed Trial Plan.docx