UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LETASHA MYATT, on behalf of herself others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 1:10-CV-64-TLS |
| ALLEN COUNTY SHERIFF KEN FRIES (in his official capacity), | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S PROPOSED SUPPLEMENTAL TRIAL PLAN**

Plaintiff LeTasha Myatt, by counsel, on behalf of herself and others similarly-situated, proposes that the Court consider following Proposed Supplemental Trial Plan. (The parties are filing their Joint Proposed Trial Plan contemporaneously to this Proposed Supplement Trial Plan.)

**I.     INTRODUCTION**

Class Counsel respectfully submits this Proposed Supplemental Trial Plan for the trial of this class action litigation. The Plan reflects that the jury will consider the loss of liberty suffered by the class representative, as well as representative class members, and then extrapolate damages to the entire class by econometric methods that can devise a formula applicable to all class members. For example, it is undisputed that the Sheriff caused a loss of liberty to LeTasha Myatt and all class members, because he failed to release them after the expiration of 48 hours. See Consent Decree [ECF No. 29]. Virtually all of the class members are identically situated – same jail (Allen County Jail), same sheriff (Sheriff Fries), and they were held pursuant to the same policies, customs, procedures, and practices (and liability has been conceded). There are

1

962 class members, all of whom have "loss of liberty" claims.  Thirty-two (32) class members have special damages, and the Court has already ruled "…that decertification is appropriate for the thirty-two (32) class members who timely submitted Claim Forms…"  (Order July 17, 2013, p. 9.)

## II.     COMMON ISSUES AT TRIAL

The only issue to be determined by a jury is the amount of compensatory damages to be awarded to the class members because of the Sheriff's actions in causing a loss of liberty.  Whatever dollar amount the jury chooses to apply – for example, $150.00 per hour for each hour of loss of liberty – that can be applied to each of the class members for the hours and minutes of loss of liberty suffered by each class member.  This is a logical and reasonable approach in that, from the Plaintiff's standpoint, the claims are more expeditiously resolved.  From the Defendant's point-of- view, closure is provided as to a multitude of claims.  The Defendant also benefits from the principals of *res judicata* and collateral estoppel.

The common issues of unlawful incarceration for being detained beyond forty-eight hours, and the loss of liberty occasioned by that unlawful incarceration, permeate this case.  Liability is not an issue.  Plaintiff suggests that the easiest method would be for the jury to determine a per-hour rate for loss of liberty, and then the Court can apply that rate to all other class members.  There are 962 class members who suffered, collectively, over-detention of about 17,350 hours.  It is suggested by Class counsel that the parties can stipulate to the number of hours of over-detention suffered by each detainee, and collectively as well.  The parties have utilized spreadsheets and charts (which will be stipulated to) which depict these hours of loss of liberty.

As in the Joint Proposed trial plan filed by the parties, the parties have agreed to utilize

the *Dellums* method for determining general damages for the class. By "general" damages, the Plaintiff means damages occasioned to detainees caused by the loss of liberty, i.e., the injury to human dignity that is presumed when a person is held against his will and over-detained in jail. Under the *Dellums* method, the parties will each present the testimony of some members of the over-detention class, up to thirty (30) in total for each party.

The testimony from the witnesses will be limitted to when they were arrested, when they should have been released, how long they were over-detained, the conditions of their confinement during the time they were over-detained, and how each suffered emotionally, physically, and mentally as a result of the over-detention. However, no witnesses should be able to testify about "special damages", such as a loss of job, loss of income, or significant mental or emotional damages unique to that individual. The jury will be asked to determine a dollar value for each hour of over-detention.

In other words, what the Plaintiff envisions is the presentation of factual testimony (thirty witnesses from each side) that will help the jury understand the conduct for which the Sheriff was found liable, and to which he has consented. This method involves the use of a non-random sample of fact witnesses from the class to determine general damages. See *Augustin v. Jablonski*, 2011 WL 4953982, *1 (E.D.N.Y. Oct. 19, 2011).

### III.     SAMPLE JUROR INTERROGATORIES

Well-framed, simple special juror interrogatories may be of great assistance to the jury in determining the amount of compensatory damages in this trial. Of course one special instruction advocated for by the Plaintiff is that the jury should be advised that the Sheriff is liable for compensatory damages for loss of liberty, and that the jury's sole function is to determine the amount of compensatory damages. In furtherance of this single duty, the Court could ask the

jury:

> "Given that different class members suffered different periods of unlawful incarceration in violation of the United States Constitution, at what rate per hour do you value their loss of liberty?"

$_____/hour

Should the Court desire more specific information as to any aspect of Plaintiff's Proposed Supplemental Trial Plan, such as citations to specific authority, actual jury instructions, or any additional explanations, Class Counsel will so provide.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

s/ Ilene M. Smith
Christopher C. Myers, #10043-02
Ilene M. Smith #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN  46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:      cmyers@myers-law.com
             ismith@myers-law.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby swears and affirms that a true and correct copy of the above was deposited in the United States Mail, sent via ECF, or by some other method approved by this Court, on this 8th day of July, 2014, to the following:

John O. Feighner
J. Spencer Feighner
Haller & Colvin, P.C.
444 E. Main Street
Fort Wayne, IN  46802-1910

s/Ilene M. Smith
Ilene M. Smith

IMS/js
S:\Myatt, Letasha\Pleadings\Proposed Trial Plan.docx