**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| LETASHA MYATT, on behalf of herself ) | |
| and others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:10-CV-64-TLS |
| ) | |
| ALLEN COUNTY SHERIFF KEN FRIES ) | |
| (in his official capacity), ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, LeTasha Myatt, on behalf of herself and others similarly-situated, by counsel, requests that the Court read to the jury, after the close of evidence and final argument, Plaintiff's following proposed Jury Instructions No. 1 through 5.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:       cmyers@myers-law.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

       The undersigned hereby swears that a true and correct copy of the foregoing document was sent, via United States Mail, ECF, postage prepaid, or by some other means acceptable to this Court, on this 15th day of December, 2014, to the following:

John O. Feighner
J. Spencer Feighner
Haller & Colvin, P.C.
444 E. Main Street
Fort Wayne, IN   46802-1910

                                                  s/Christopher C. Myers
                                                  Christopher C. Myers

CCM/js
S:\Myatt, Letasha\Trial\Jury Instructions.docx

**Plaintiff's Proposed Jury Instruction No. 1:**

The Plaintiff is LeTasha Myatt.   She brings this class action on behalf of herself and others similarly-situated against the Sheriff of Allen County.   Ms. Myatt contends that the Allen County Sheriff, in his official capacity, kept her and other inmates like her, individuals who were arrested without a warrant, for more than forty-eight (48) hours before an initial probable cause determination, or more than forty-eight (48) hours prior to being released from the Allen County Jail.

The Allen County Sheriff, Ken Fries, in his official capacity, has conceded liability in this case, i.e., the Sheriff agrees that he violated the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 (a civil rights statute) by detaining inmates who were arrested without a warrant for more than forty-eight (48) hours after their arrest without a judicial determination of probable cause.   In other words, the Sheriff admits that he violated the law and that he is liable to the Plaintiff, LeTasha Myatt, and others similarly-situated.

The class of people the Plaintiff, LeTasha Myatt, represents include the following:

Individuals arrested without a warrant and booked into the Allen County Jail between 5:00 a.m. on Friday and 9:00 a.m. on Saturday between the dates of February 9, 2008 and March 20, 2010, inclusive, as well as any additional class members who exist due to court holidays observed by the Allen County Circuit and Superior Courts during the time period of February 9, 2008 and March 20, 2010, where such additional class members did not receive a judicial probable cause determination within forty-eight (48) hours from the time of their arrest.

It has been determined that there are nine hundred sixty-two (962) people who are part of the class of inmates who were arrested without a warrant and who were unlawfully over-detained in the Allen County Jail.

You are advised that this trial is not about liability – the Sheriff and the Plaintiff have entered into a Consent Decree wherein the Sheriff admits to violating the constitutional rights of the inmates who were arrested without a warrant by keeping them for more than forty-eight (48) without a timely probable cause determination.   Your only job in his trial is to determine the value of the loss of liberty experienced by these inmates.

Consent Decree_____
Consent Decree (Docket #29); Opinion & Order (Docket #39, 5-11-11).

Given              _____

Modified           _____

Withdrawn          _____

3

**Plaintiff's Proposed Jury Instruction No. 2:**

In determining the value of the loss of liberty suffered by the Plaintiff and similarly-situated inmates (those arrested without a warrant and who were detained in violation of their Fourth Amendment rights beyond 48 hours after their arrest), you are guided by the following principles:

1. Once a suspect is arrested and in custody, his or her need for a neutral determination of probable cause increases significantly. The consequences of prolonged detention may be more serious than the interference occasioned by arrest. Pretrial confinement may imperil the suspect's job, interrupt his/her source of income, and impair his/her family relationships. The Fourth Amendment requires a judicial determination of probable cause as a prerequisite restraint of liberty following arrest. The Sheriff is liable for his extended restraint of liberty of, and his over-detention of, the Plaintiff and all other similarly-situated inmates.[1]

2. You are advised that the Plaintiff and all other class members who were over-detained suffered a loss of liberty for which they are entitled to compensatory damages. These "general" compensatory damages are for loss of time, humiliation, mental suffering, being isolated, and any and all other damages that would naturally flow from being over-detained and unlawfully incarcerated as a result of their Fourth Amendment rights being violated. No special proof or evidence needs to be presented in order for you to award damages to the Plaintiff and other similarly-situated class members whose constitutional rights were violated.[2]

Given           _____

Modified        _____

Withdrawn       _____

---

[1] *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)
[2] *Kerman v. City of New York*, 374 F.3d 93, 125 (2nd Cir. 2004); *Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34, 38-39 (2nd Cir. 1985); McCormick Handbook on the Law of Damages § 107 at 375-77 (1935).

**Plaintiff's Proposed Jury Instruction No. 3:**

In determining the value of loss of liberty suffered by the Plaintiff and other inmates, you are also advised that the damages and harm they suffered as a result of being over-detained in violation of the Fourth Amendment is presumed.  In other words, the general damages for loss of liberty are for compensating a harm to dignity that is inherent in the Sheriff's policy, custom, procedure, and practice of keeping inmates too long in violation of the law, which requires the Sheriff to arrange for determination of probable cause by a neutral judge or magistrate within forty-eight (48) hours, or have the inmate released within forty-eight (48) hours.  That the Plaintiff and other inmates were kept in the Allen County Jail too long (beyond 48 hours) is a compensable injury caused by the constitutional deprivation of their freedom, a deprivation caused by the Allen County Sheriff – which he has admitted and to which he has consented.  In this case, LeTasha Myatt and the other inmates suffered an actual injury – the loss of their liberty, and the loss of freedom and dignity, which accompanied that loss of liberty.  Stated differently, the Sheriff has admitted to a constitutional violation, and you are advised that there is no genuine dispute that the violation resulted in the injury of the loss of liberty to LeTasha Myatt and the other class members.   Accordingly, you are instructed to award compensatory damages.

_____
*Kerman v. City of New York*, 374 F.3d 93, 124, 130 (2nd Cir. 2004)

Given           _____

Modified        _____

Withdrawn       _____

**Plaintiff's Proposed Jury Instruction No. 4:**

In determining the value of loss of liberty, you are allowed to consider the conditions at the Allen County Jail in which the Plaintiff and other class members were kept. In other words, you are allowed to consider how long the class members were over-detained over forty-eight (48) hours, the context of their detention and confinement, and how the loss of liberty affected the class members.

---

*Hazle v. Crofoot*, 727 F.3d 983, 989-93 (9th Cir. 2013);
*Memphis Community School Dist. v.* Stachura, 477 U.S. 299, 311, 106 S. Ct. 2537 (1986).

Given            _____

Modified         _____

Withdrawn        _____

**Plaintiff's Proposed Jury Instruction No. 5:**

In this case, you are to award damages based upon the value you place on the Plaintiffs' constitutional right which has been conceded to have been violated by the Allen County Sheriff. The constitutional right at issue is the right to liberty under the Fourth Amendment of the United States Constitution. The Sheriff has conceded that he has violated the rights of the Plaintiff and the class members by over-detaining them in violation of their Fourth Amendment rights. You are advised that you cannot award nominal damages, because it is unquestionable that the unlawful conduct of the Allen County Sheriff resulted in the loss of liberty suffered by the Plaintiff and the class members she represents.[3] Furthermore, you are advised that you must presume the existence of actual damages and award compensatory damages.[4] Presumed damages are appropriate here because it is undisputed that the Sheriff committed a constitutional violation and there is no genuine dispute that the violation resulted in some actual injury to the Plaintiff and the class of inmates she represents – they suffered variable degrees of loss of liberty.[5] Presumed actual damages are warranted in this case because the individual injuries suffered by each class member would be difficult to establish, particularly since the individual class members are not allowed in this case to assert or prove independent harm or damages for emotional distress, economic damages, or other special injuries.[6]

Given             _____

Modified          _____

Withdrawn         _____

---

[3] *Hazle v. Crofoot*, 727 F.3d 983, 992-93 (9th Cir. 2013)
[4] *Kerman v. City of New York*, 374 F.3d 93, 130 (2nd Cir. 2004)
[5] *Kerman*, 374 F.3d at 124; *Hazle*, 727 F.3d at 992
[6] *Stachura*, 477 U.S. at 311, 106 S. Ct. 2537; *Amador v. Baca*, 299 F.R.D. 618, 633-34 (C.D. Cal. 3-12-2014).