UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LETASHA MYATT, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:10-CV-64-TLS |
| DAVID J. GLADIEUX, Sheriff of Allen County, Indiana, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Rule 60 Motion for Relief of "Separate Judgments" and Other Matters [ECF No. 200] and Brief [ECF No. 201], filed on June 30, 2016. The Defendant filed a Response [ECF No. 201] on August 12, 2016, and the Plaintiff filed her Reply [ECF No. 203] on September 1, 2016. The Motion is now ripe for ruling.

## BACKGROUND

Seven years ago, on February 26, 2010, the Plaintiff, LeTasha Myatt, filed a Complaint [ECF No. 1] against the Defendant, Allen County Sheriff Ken Fries, in his official capacity. The Plaintiff brought suit on behalf of herself and others similarly situated, and alleged that the Defendant's actions violated the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983. Specifically, the Plaintiff alleged that the Defendant's policy caused her to be detained in the Allen County Jail for more than forty-eight hours before being taken before a magistrate judge for an initial probable cause determination. On June 25, 2010, the Court issued an Opinion and Order [ECF No. 20] that granted the Plaintiff's Motion to Certify Class [ECF

No. 4]. At the parties' request, the Court amended the class definition and certified the class as follows:

> [I]ndividuals arrested without a warrant and booked into the Allen County Jail between 5:00 a.m. on Friday and 9:00 a.m. on Saturday between the dates of February 29, 2008, and March 20, 2010, inclusive, as well as any additional class members who exist due to court holidays observed by the Allen County Superior Court and the Allen County Circuit Court during the time period of February 29, 2008, and March 20, 2010, where such additional class members did not receive a probable cause determination within 48 hours from the time of their arrest.

(the "Class") (Op. & Order 4, ECF No. 39). Although the parties entered into a Consent Decree [ECF No. 29], in which the Defendant conceded liability in this case and implemented new policies, the parties were unable to agree upon damages. On January 20, 2015, following a four-day trial, a jury returned a verdict [ECF No. 158] that awarded the Class approximately $360,000 in general damages, separate and apart from attorney fees and costs. The jury's verdict awarded varying amounts of damages to class members based on the length, in 12-hour increments, of their over-detention in the Allen County Jail. Utilizing the jury's verdict form and the class list information, each individual class member received a specific amount of compensation based upon the length of their over-detention as follows:

| Class Members over-detained between 0 and 12 hours. | $200.00 per person |
| --- | --- |
| Class Members over-detained more than 12 hours up to 24 hours. | $360.00 per person |
| Class Members over-detained more than 25 hours up to 36 hours. | $600.00 per person |
| Class Members over-detained between 36 hours up to 48 hours. | $840.00 per person |
| Class Members over-detained more than 48 hours. | $1,100.00 per person |

(Partial J. 1, ECF No. 188.) The parties filed a Joint Report to the Court [ECF No. 161] on February 2, 2015, in which the parties submitted a chart listing all class members, the length of their over-detention, and the amount of damages the jury allotted to each class member [ECF No. 162-1].

On August 3, 2015, the Plaintiff filed a Motion for Approval of Payouts to General Class Members and Other Miscellaneous Relief [ECF No. 177], seeking an entry of judgment and the distribution of funds for all class members. On November 5, 2015, the Court entered Partial Judgment [ECF No. 188] on the jury's verdict and awarded class counsel an interim attorney fee award. On December 28, 2015, the Defendants filed a Satisfaction of Partial Judgment [ECF No. 190] after the Auditor of Allen County issued checks made payable to all class members for their respective verdict amount. The checks were forwarded to Home Front Legal Services, LLC, the administrator selected by the Plaintiff, agreed upon by the Defendant, and approved by the Court, to in turn distribute to class members. Home Front has distributed payments to class members and continues to assist the parties in providing payments to class members who have not yet received their payment.

The Plaintiff now seeks to set aside the jury's verdict and the Court's corresponding Partial Judgment asserting that the Court erred by not classifying the sum total awarded to the Plaintiff and all class members as a "common fund." The Plaintiff also asserts that the Court should order pro rata distributions to certain class members with the unused funds, or alternatively, a cy pres award to a charity. Lastly, the Plaintiff seeks an incentive award for the Plaintiff, class representative, Ms. Myatt.

## ANALYSIS

### A.  Rule 60(b) Motion and "Common Fund"

After seven years of protracted litigation, the Plaintiff seeks to set aside the Court's Partial Judgment and convert the sum total awarded to class members into a "common fund," to award remaining unclaimed funds as pro rata distributions to certain class members, or alternatively distribute those unclaimed funds as a cy pres award to charity, and to provide a class incentive award to the Plaintiff, class representative, Ms. Myatt. To accomplish this, the Plaintiff does not appeal the jury verdict, nor the Court's Partial Judgment. Instead, the Plaintiff invokes Rule 60(b). "Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a final judgment or order in six discrete circumstances."[1] *Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013).[2] "To balance the availability of post-judgment relief with

---

[1] Rule 60(b) provides in full:
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
Fed. R. Civ. P. 60(b).

[2] "[R]elief must be made within a reasonable time after entry of judgment, which the rule defines for subsections (1) through (3) as no later than one year after the entry of judgment." *Mendez*, 725 F.3d at 657 (first citing Fed. R. Civ. P. 60(c)(1); then citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). But, Rule 60(b) may not be "used to evade the deadline to file a timely appeal." *Id.* at 660. The Defendant argues that the Plaintiff's Motion fails because she did not file a timely appeal. The Court notes Defendant's concern here, which "may be adequately addressed through careful enforcement of the requirement that Rule 60(b) relief be sought within a 'reasonable time'" *Id.* (citing Fed. R. Civ. P. 60(c)(1)). Because the Court denies the Motion, the Court declines to consider whether the Plaintiff circumvented Federal Rule of Appellate Procedure 4's strict time limits for filing federal appeals.

finality interests, the availability of Rule 60(b) relief is limited" and "district courts are given broad discretion to deny motions for relief from judgment." *Id.* at 658.

The Plaintiff contends that the Court erred under Rule 60(b)(1) when applying the jury's verdict to the Partial Judgment, under Rule 60(b)(4) in that the "parties/court" lacked the ability to enter judgment for individual harms, and under Rule 60(b)(6), the Court must convert the Partial Judgment sum total to a common fund because the judgment "defeats the purpose of a class action to have 962 separate judgments pursued by 962 separate class members." (Pl.'s Br. 2).

Contrary to the Plaintiff's contentions, some but not all "class actions stem from aggregate and undifferentiated injuries; these create genuine common funds." *Ira Holtzman, C.P.A*, 728 F.3d 682, 688 (7th Cir. 2013). "[T]his action stems from discrete injuries suffered . . . [and] does not create a common fund." *Id.*; *see Travelers Property Cas. v. Good*, 689 F.3d 714 (7th Cir. 2012) (discussing how to identify common fund cases).

The final jury verdict forms explain as much. At trial, the jurors were given three verdict forms. Verdict Form 3, the one which the jurors ultimately used, read as follows with the accompanying table:

> We the jury, on the issue of the value of the loss of liberty suffered by the Plaintiff and the other similarly-situated members of the Class, determine that the value of the loss of liberty is to be measured as follows for each member of the Class entitled to receive compensation:

| A. | Class Members over-detained between 0 and 12 hours. | $_____ per person |
| B. | Class Members over-detained more than 12 hours up to 24 hours. | $_____ per person |
| C. | Class Members over-detained more than 25 hours up to 36 hours. | $_____ per person |
| D. | Class Members over-detained more than 36 hours up to 48 hours. | $_____ per person |
| E. | Class Members over-detained more than 48 hours. | $_____ per person |

(Ct.'s Final Jury Instr. & Verdict Form 25; ECF No. 155.) The jurors awarded to each class member a discrete and calculable sum certain. *See Ira Holtzman, C.P.A*, 728 F.3d at 689 (class action jury verdict for discrete injuries suffered by each plaintiff where the Seventh Circuit found there not to be a common fund). "The existence of a common fund depends on the nature of the right asserted, not whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs." *Travelers*, 689 F.3d at 722 (internal quotation marks omitted). Here, "[t]here is no fund. . . . [because t]he claim remains one on behalf of separate individuals for the damage suffered by each due to the alleged conduct of the [D]efendant." *Id.* (citations omitted).

The Plaintiff did not object on January 20, 2015, and on March 13, 2015, wrote in her Memorandum in Support of Motion for Attorney's Fees [ECF No. 168]:

> Plaintiff recognizes that the Court may examine whether a part[y] may appeal the judgment/jury verdict, and the Court may determine whether there is a risk that the fees will not be recoverable in the event of appellate reversal at the conclusion of the litigation. But there are no such risks here—there is no reversible error of any kind, there were no evidentiary issues which would warrant an appeal, let alone reversal, there . . . was no error with respect to jury instructions, and finally, the amount of the judgment was not outrageously high such that it would warrant reconsideration by either the trial court or the Court of Appeals.

(Mem. in Supp. Pet. for Interim Award of Fees & Costs 3, ECF No. 168 (citations omitted).)

The Court did not err here. There is no mistake or inadvertence under Rule 60(b)(1), the Partial Judgment is not void under Rule 60(b)(4), and there is no "extraordinary circumstance" requiring relief under Rule 60(b)(6).

**B.     Unclaimed Funds**

Separately from the Plaintiff's Rule 60(b) argument that the Court should convert the Partial Judgment into a common fund, the Plaintiff contends that the Court should either distribute the residue of unclaimed funds pro rata or grant a cy pres distribution to a charity.[3] But as the Court already held above, the jury verdict did not create a common fund. Rather, the sum total the Defendant gave to the administrator serves as a security device and any unused proceeds should be returned after the period of class members obtaining their judgment has expired. *Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016). Granting a pro rata distribution would be inappropriate here because the Defendant is "entitled to the return of the excess in the fund." *Id.* at 609. Furthermore, class members would receive more than the jury verdict awarded.

The Plaintiff alternatively argues that if the Court declines to adjudge pro rata distributions, the Court should instead grant a cy pres distribution to a suggested charity.[4] "Cy pres recovery 'is used where the individuals injured are not likely to come forward and prove their claims or cannot be given notice of the case.'" *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 345 (7th Cir. 1997) (quoting *Simer v. Rios*, 661 F.2d 655, 675 (7th Cir. 1981)). "Cy pres

---

[3] The Plaintiff suggest that unclaimed funds be donated to a legal aid organization in Allen County, the American Civil Liberties Union of Indiana, or another similar legal services organization. (Pl's Br. 5.)

[4] The Defendant argues that the Plaintiff can only seek a cy pres distribution where there is a common fund. However, the Seventh Circuit in *Holtzman v. Turza*, 828 F.3d 606 (7th Cir. 2016), specifically commented that the Circuit did not intend "to foreclose the possibility of a cy pres distribution . . . in all [class action] cases with individual harms." *Id.* at 609. The Court evaluates accordingly.

7

recovery is thus ideal for circumstances in which it is difficult or impossible to identify the persons to whom damages should be assigned or distributed." *Id.* However, the Court is not obligated "to divert money from the litigants to a charity." *Holtzman*, F.3d at 609. Here, the parties have stipulated to the exact identifiable persons in the class. As the Plaintiff has asserted, there are 962 class members. The Court does not see how a cy pres distribution will benefit the clearly identifiable class members here, and declines to provide a cy pres award.

**C.     Incentive Award to Myatt**

Lastly, the Plaintiff seeks an incentive award of $10,000.00. "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001). The Plaintiff argues that this case is different from other over-detention class actions in that this case was tried and not settled. Because of this extra effort, the Plaintiff argues that the class representative was more involved with the case than would have been otherwise. The Plaintiff seeks equitable relief from the Court either as a cost award, or alternatively, to permit the class representative to collect the incentive award from a portion of the unclaimed funds which exist after the attempts to distribute funds to class members.

However, the Court has already found that this is not a common fund case. "Incentive awards are usually viewed as extensions of the common-fund doctrine, a doctrine that holds that a litigant who recovers a common fund for the benefit of persons other than himself is entitled to recover some of his litigation expenses from the fund as a whole." *Hadix v. Johnson*, 322 F.3d 895, 898 (6th Cir. 2003) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). "Without a common fund . . . there is no place for an incentive award." *Id.* Because this case is not a common fund case, it would be inappropriate to award an incentive fee.

The Court acknowledges that in other past over-detention cases, an incentive fee was awarded. But, those cases settled, and the terms of their settlements established common funds. *See, e.g.*, *Bickel v. Sheriff of Whitley Cty.*, 1:08-CV-102-TLS, 2015 WL 1402018, at *8 (N.D. Ind. March 26, 2015). The very distinction, which the Plaintiff draws, makes the difference. There is no common fund here, and therefore no requirement to award an incentive fee. As the Court expressed above, the sum total that the Partial Judgment provided is functionally a security device, in which unused funds are returned to the Defendant. *See Holtzman*, 828 F.3d at 608.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Rule 60 Motion for Relief of "Separate Judgments" and Other Matters [ECF No. 200] is DENIED.

SO ORDERED on March 7, 2017

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT